# Richmond

HELEN MAE SNEAD v. COMMONWEALTH OF VIRGINIA.

April 24, 1972.

Record No. 7874.

Present, All the Justices.

*Ralph W. Buxton* (*Kurt Berggren; Greene, Buxton and Poindexter*, on brief), for plaintiff in error.

*Robert E. Shepherd, Jr.*, Assistant Attorney General (*Andrew P. Miller*, Attorney General, on brief), for defendant in error.

CARRICO, J., delivered the opinion of the court.

Upon appeal from the county court, the defendant, Helen Mae Snead, was convicted by the trial court, sitting without a jury, of the common law offense of trespass.[1] The determinative question in this appeal is whether the evidence was sufficient to sustain the conviction of the common law offense.

The evidence shows that at approximately 1:30 p.m. on January 17, 1969, the defendant, who was a welfare recipient, entered the office of the Botetourt County Welfare Department accompanied by several persons. The defendant's purpose in visiting the office was

---

[1] The trial court specifically ruled at the outset of the trial that the defendant was to be tried for common law trespass and it later specifically convicted her of that offense rather than statutory trespass. The statutory offense is set forth in Code § 18.1-173, which makes it a misdemeanor to "go upon or remain upon the lands, buildings or premises of another . . . after having been forbidden to do so."

"to redress some grievances that she had with the Welfare Department." During the course of the afternoon, the defendant discussed her problems with the welfare superintendent, apparently without success. At 4:30 p.m., the superintendent announced to the defendant and her friends that it was time for the office to close. When the group remained, the sheriff was called. He appeared and advised the members of the group that "if they did not leave they would be charged with trespassing." All but the defendant departed, and when the sheriff again warned her, she stated that she "wanted to be locked up." She was then arrested and charged with trespassing.

Bearing in mind that the conviction here is of *common law* trespass, we first consider the principles applicable to that offense. Our examination of the authorities makes it clear that unless a trespass upon land or premises amounted to a breach of the peace or tended to or threatened such a breach, the trespasser was not criminally liable at common law. *Miller* v. *Harless*, 153 Va. 228, 244, 149 S.E. 619, 624 (1929); *Henderson* v. *Commonwealth*, 49 Va. (8 Gratt.) 708, 710 (1852). From this, it is equally clear that where the original entry was lawful and peaceful, a refusal to leave upon order, without more, did not constitute an offense at common law.

Testing the conduct of the defendant by these principles, we hold the evidence insufficient to support a conviction of common law trespass. Her original entry into the welfare office was both lawful and peaceful. At no time while she was on the premises was she boisterous or disorderly in any way. Her conduct did not amount to a breach of the peace nor did it tend to or threaten such a breach. Accordingly, we reverse the conviction and dismiss the case.

*Reversed and dismissed.*