**Alexandria**

GLENAL SIMMS

v.

COMMONWEALTH OF VIRGINIA

No. 0240-85

Decided August 5, 1986

COUNSEL

Kevin D. McCormick (Crossland, Schilling & McCormick, P.C., on brief), for appellant.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Glenal Simms appeals his convictions for abduction with intent to defile, malicious wounding, and use of a firearm in the commission of a felony. He raises three issues: (1) whether he was entitled under the Sixth Amendment to have an attorney present at a post-arrest photographic display; (2) whether he was entitled to a jury instruction on attempted rape; and (3) whether the trial court should have set aside the guilty verdict for abduction with intent to defile. We find no reversible error and affirm.

Appellant contends that the trial court erred in allowing the victim to testify that she identified appellant at a previous photo display and in allowing the actual photo display to be introduced in evidence because the display was conducted without counsel being present and after appellant had been arrested. Appellant was

arrested on August 9, 1984; that same day counsel was appointed and the photo display was conducted. In *United States* v. *Wade*, 388 U.S. 218 (1967), on which appellant relies, the Supreme Court held that a lineup is a critical stage of the prosecution at which presence of counsel is required, unless knowingly and intelligently waived. *Wade*, however, involved a lineup, not a photographic identification. There is no right to have counsel present when the police show photographs of the defendant to witnesses. *United States* v. *Ash*, 413 U.S. 300, 321 (1973); *see also Drewry* v. *Commonwealth*, 213 Va. 186, 189, 191 S.E.2d 178, 180 (1972). We find no merit in appellant's first assignment of error.

Appellant next argues that since the facts could have supported a conviction for attempted rape, punishable as a class 4 felony, he was entitled to an instruction on attempted rape as an alternative to the instruction on abduction with intent to defile, punishable as a class 2 felony. The facts on which appellant relies were: Lisa, the sixteen year old victim, testified that shortly after midnight on August 9, 1984, while sitting in front of her parents' house, a man grabbed her and pulled her to her feet. The man had a handgun and told her to be quiet or he would "blow [her] f___king brains out." While he held the gun to her head, he forced her to the side of the house and told her to take off her pants. Lisa refused and a struggle for the gun ensued. Lisa's assailant regained control of the gun, and told Lisa she was "a dead bitch." His attention was distracted at that point, and the gun in his hand discharged, striking Lisa in the right ear. The assailant fled. Appellant was arrested moments later at 12:25 a.m. The police recovered a revolver in the immediate area of his arrest. At 1:00 p.m. that day, Lisa identified appellant as her assailant from a photo spread at police headquarters.

Both the Commonwealth and the defendant are entitled to appropriate instructions to the jury of the law applicable to each version of the case, provided such instructions are based upon the evidence adduced. *Banner* v. *Commonwealth*, 204 Va. 640, 645-46, 133 S.E.2d 305, 309 (1963). However, an accused on trial for one offense is not entitled to have the jury instructed on an offense which is not included as a lesser offense of the one charged. To do so would confuse the issues before the jury and divert attention from their responsibilities. The suggested procedure also might suggest to the jury that the accused should be acquitted of one

offense because the evidence shows he may have been more clearly guilty of another offense for which he was not on trial.

 When the Commonwealth charged appellant with abduction with intent to defile under Code § 18.2-48, it had the burden of proving that appellant (1) abducted the complaining witness and (2) did so with the specific intent to defile. The elements of the offense of abduction with intent to defile are separate and distinct from the elements of attempted rape. Attempted rape includes the intent to engage in sexual intercourse with a female victim, whereas abduction with intent to defile requires an intent to sexually molest a victim of any sex. *See Fitzgerald* v. *Commonwealth*, 223 Va. 615, 632, 292 S.E.2d 798, 808 (1982), *cert. denied*, 459 U.S. 1228 (1983) (the terms "defile" and "sexually molest" are interchangeable within the meaning of Code § 18.2-48). Sexual molestation, while including sexual intercourse, also embraces many acts which are distinct from sexual intercourse. *See* Code § 18.2-67.10(6). Simply because in the course of a single criminal venture the defendant violates two or more statues does not mean that those offenses are within a greater/necessarily included lesser offense range. Even if the proof adduced at trial was sufficient to show that a rape was attempted, we hold that a defendant is not entitled to an instruction on an offense for which he is not specifically charged, unless it is a necessarily included lesser offense thereof. The defendant can hardly be heard to complain that he was not charged with an additional offense.

Finally, appellant argues that the trial court should have set aside the verdict finding him guilty of abduction with intent to defile because the evidence was insufficient to prove an asportation of the victim and because any seizure of the victim and subsequent struggle were only incidental to an attempted rape.

 The Supreme Court confronted the issue of whether asportation is necessary for abduction under Code § 18.2-47 in *Scott* v. *Commonwealth*, 228 Va. 519, 323 S.E.2d 572 (1984). The Court noted that kidnapping, at common law, required asportation of the victim from one place to another as an essential element of the crime. *Id.* at 525, 323 S.E.2d at 575. The Court interpreted the legislative intent in Code § 18.2-47[1] to change the common law.

---

[1] Code § 18.2-47 provides, in pertinent part: "Any person, who, by force, intimidation or deception, and without legal justification or excuse, seizes, takes, transports, detains

The Court held that "the *physical detention* of a person, with the intent to deprive him of his personal liberty, by force, intimidation, or deception, *without any asportation* of the victim from one place to another, is sufficient" to support a conviction of abduction. *Id.* at 526, 323 S.E.2d at 576 (emphasis added). We find that abduction was established as a fact once the Commonwealth proved that Simms had deprived the victim of her liberty by threats of violence and use of force.

Appellant, however, argues that under the interpretation set forth by the Court in *Scott*, Code § 18.2-47 is rendered so overly broad that with other crimes which necessarily include detention as an element, such as robbery, attempted robbery, rape, attempted rape, battery and attempted battery, potential double jeopardy problems exist.[2] The Court in *Scott* said:

> We recognize . . . that in rape, robbery, and assault cases there is usually some detention, and often a seizure, of the victim. The constitutional problems which may be created by such an overlapping of crimes are, however, *not before us for decision in this case.*

*Scott*, 228 Va. at 526, 323 S.E.2d at 576 (emphasis added). Similarly, we need not address the double jeopardy argument in this case. Appellant was not charged with or convicted of another crime which necessarily involved detention as an element. Finding no error, we affirm the convictions.

*Affirmed.*

Baker, J., and Keenan, J., concurred.

---

or secretes the person of another, with the intent to deprive such other person of his personal liberty . . . shall be deemed guilty of 'abduction' . . . ."

[2] The Supreme Court of Virginia recently addressed the double jeopardy issues in *Brown v. Commonwealth*, 230 Va. 310, 337 S.E.2d 711 (1985); *see also Johnson v. Commonwealth*, 221 Va. 872, 275 S.E.2d 592 (1981).