**Richmond**

RICHARD ALFONSO TAYLOR, s/k/a

RICHARD ALPHONSO TAYLOR

v.

COMMONWEALTH OF VIRGINIA

No. 0027-88-2

Decided February 5, 1991

■■■■■■■■■■■■■■

COUNSEL

David W. Holland, for appellant.

David A. Rosenberg, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—In this criminal appeal, we hold that common law trespass is not a lesser included offense of statutory burglary under Code § 18.2-91, even when the indictment specifically charges that a dwelling was burglarized.[1] In a trial for statutory burglary of a dwelling, an accused is not, therefore, entitled to an instruction permitting the jury to return a verdict of guilty of common law trespass instead of statutory burglary.

The defendant was discovered one morning in someone else's home which he had entered after forcing open a locked door. When discovered, he immediately fled but was apprehended later.

He was convicted of statutory burglary in violation of Code § 18.2-91. At trial he requested and was denied a jury instruction which would have permitted the jury to find him guilty of common law trespass[2] instead of statutory burglary. He contends that the trial court erred in refusing the requested instruction.

■■ If there is evidence tending to support a conviction for a lesser included offense, a trial court errs in refusing an instruction based on the lesser offense. *Barrett v. Commonwealth*, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986). However, an accused is not entitled to have the jury instructed on an offense which is not a lesser included offense of the one with which he or she is charged. *Simms v. Commonwealth*, 2 Va. App. 614, 616, 346 S.E.2d 734, 735 (1986). The defendant was, therefore, only entitled to an instruction on common law trespass if common law trespass is a lesser included offense of statutory burglary.

---

[1] The indictment charged that the defendant "feloniously did break and enter the dwelling of [another] with the intent to commit larceny therein."

[2] The defendant only offered an instruction on common law trespass; therefore, we do not consider whether Code §§ 18.2-119 through 18.2-136.1 or any other statutory prohibition against trespass are lesser included offenses of statutory burglary.

A lesser included offense is one "composed entirely of elements that are also elements of the greater offense." *Kauffmann v. Commonwealth*, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989). For this reason, if a crime is a lesser included offense of another crime, the commission of the greater offense must invariably also be a commission of the lesser offense. *Id.* Conversely, an offense is not lesser included within another if it has an element the other does not. *Jones v. Commonwealth*, 218 Va. 757, 759, 240 S.E.2d 658, 660, *cert. denied*, 439 U.S. 892 (1978). In order, therefore, for common law trespass to be a lesser included offense of statutory burglary, common law trespass must always be committed when statutory burglary is committed and, therefore, not have an element which statutory burglary does not have.

This requirement of identity between the elements of a lesser offense and some of the elements of the greater offense is not an empty technicality. A lesser included offense is necessarily charged by implication in an indictment for a greater offense and necessarily proven by the proof of the greater offense. Since the prosecution is required to prove the lesser offense as well as the greater, it is not disadvantaged by being required to submit the lesser offense for adjudication. A crime that is not a necessarily included lesser offense, on the other hand, is not charged by implication and is not necessarily proved by proof of the greater offense. Submission to a jury, therefore, of a crime not constituting a necessarily included lesser offense would allow an accused to force resolution of an offense the prosecution had not charged and had no reason to seek to prove. To avoid such a result in this case, we must determine if common law trespass is a necessarily included lesser offense of burglary.

The determination of what offenses are necessarily included lesser offenses of the crime charged is based on the fundamental nature of the offenses involved, not on the particular facts of a specific case or the language of a given indictment.[3] The only

---

[3] The determination of what constitutes a necessarily included lesser offense is distinguishable from the related problems of what offenses constitute the "same offense" for double jeopardy purposes. Even if an offense is not a necessarily included lesser offense, a successive prosecution for the offense may still be barred by double jeopardy. An offense may not be a "necessarily included lesser offense" for jury instruction purposes, yet constitute the "same offense" for double jeopardy purposes, depending on the nature of the government's proof. *See Grady v. Corbin*, 495 U.S. 508 (1990). Thus, by holding that common

offenses which are lesser included are those which are "in their nature constituent parts of the major offense." *Stapleton v. Commonwealth*, 140 Va. 475, 486, 124 S.E. 237, 241 (1924). Even if one offense is committed in almost all cases of the commission of another offense, it is not a necessarily included lesser offense of the other one. *Ashby v. Commonwealth*, 208 Va. 443, 445, 158 S.E.2d 657, 658 (1968) (Indecent exposure not a lesser included offense of sodomy). Neither the facts charged in the indictment nor those proved at trial determine whether an offense is a necessarily included offense; the determination, instead, is made by examining the elements of the crimes that must be proved in order to sustain a conviction.

■ We turn, therefore, to the elements of the offenses to see if common law trespass is invariably committed when a statutory burglary is committed. At common law, trespass is a crime only "if it amounts to a breach of the peace, or if it tends to or threatens a breach of the peace." *Miller v. Harless*, 153 Va. 228, 244, 149 S.E. 619, 624 (1929). *See also Snead v. Commonwealth*, 212 Va. 803, 804, 188 S.E.2d 197, 198 (1972); *Bouie v. City of Columbia*, 378 U.S. 347, 358-59 (1964); *State v. Ocheltree*, 289 S.E.2d 742, 746 (W. Va. 1982). If an actual or threatened breach of peace does not occur, trespass upon the real property of another, at common law, is not a crime but only the basis for a civil action. *Miller*, 153 Va. at 244, 149 S.E. at 624. Therefore, if common law trespass is a lesser included offense of statutory burglary, a breach of the peace must constitute an element of the crime of statutory burglary.

■ A breach of the peace is an act of violence or an act likely to produce violence. *State v. Steger*, 94 W. Va. 576, 580, 119 S.E. 682, 684 (1923); *State v. Runner*, 310 S.E.2d 481, 485 n.4 (W. Va. 1983). An entry on another's property is not a breach of the peace unless it is made in such a way that it would reasonably appear to the possessor of the property that to resist would invite assault. *Town of Grundy v. Goff*, 191 Va. 148, 160-61, 60 S.E.2d 273, 278 (1950); *Southern Ry. v. Lima Wood & Coal Co.*, 156 Va. 829, 835, 159 S.E. 69, 71 (1931). Even the breaking and entering of "the close of another" is not criminal trespass unless accompanied by a breach of the peace. *Henderson v. Common-*

law trespass is not a necessarily included lesser offense of the crime charged, we are not holding that a subsequent prosecution of Taylor for common law trespass is permitted.

*wealth*, 49 Va. (8 Gratt.) 708, 710 (1852). A violation of Code § 18.2-91 does not require proof of an act of violence or an act likely to produce violence. The statute prohibits certain described entries into dwellings, offices, shops, storehouses, warehouses, banking houses, ships, vessels, river craft, or railroad cars. Code § 18.2-91. Automobiles, trucks and trailers are so protected if used for human habitation. *Id.* If one enters any such structure and conceals himself, a physical breaking is not a necessary element of the offense. *Id.* The force needed to accomplish the breaking need only be slight. *Finch v. Commonwealth*, 55 Va. (14 Gratt.) 643, 646 (1858). While breaking and entering a dwelling of another may often constitute a breach of the peace, particularly where it is done for the purpose of committing rape, robbery, or murder, breaking into a warehouse or store for the purpose of committing larceny is not a breach of the peace. If it were otherwise, the Commonwealth, in every case of statutory burglary, would have to prove beyond a reasonable doubt that the defendant committed an act likely to produce violence. However, a breach of the peace is not a fact the government is required to prove to obtain a conviction for violation of Code § 18.2-91.

█ Since statutory burglary does not contain the element of an actual or threatened breach of the peace, common law trespass is not a lesser included offense of statutory burglary. For this reason, the trial court correctly refused the proposed instruction allowing the jury to find the accused guilty of common law trespass.

For these reasons, the judgment of conviction is affirmed.

*Affirmed.*

Cole, J., concurred.

Benton, J., dissenting.

The indictment charged that Richard Alphonso Taylor "feloniously did break and enter the dwelling of [another] with the intent to commit larceny therein . . . [i]n violation of Code § 18.2-91." This appeal poses the issue whether one who enters a dwelling house in the nighttime, breaks into a dwelling house in the daytime, or conceals himself in a dwelling house with the intent to commit larceny or other specified felonies, has committed an act which tends to or threatens to breach the peace. I believe that it does. Consequently, I would hold that criminal trespass is a lesser

included offense of a charge of violation of Code § 18.2-91 when it is alleged that the defendant broke into a dwelling.

Certainly, not every entry onto the real property of another tends or threatens to breach the peace. If the property invaded is a field or a yard, such a trespass would not always threaten a breach of the peace. *See Montgomery v. Commonwealth*, 99 Va. 833, 835, 37 S.E. 841, 842 (1901)(unauthorized entry onto the *land* of another does not in and of itself justify an assault and battery upon a trespasser). Our burglary statutes, however, contain provisions specifically directed to dwelling houses. *See* Code §§ 18.2-90, 18.2-91, and 18.2-92. Entering a dwelling house under the circumstances proscribed by Code § 18.2-91 at the least threatens a breach of the peace. It is an act against the security of a property owner that is different and more traumatic than walking across a field. It is an aggressive act which brings an unwanted intruder into the intimate living space of another. Such an entry meets the majority's test because by its very nature "it is made in such a way that it would reasonably appear to the possessor of the property that to resist would invite assault." That conduct tends to cause or threaten a breach of the peace.

The majority appropriately cites *Henderson v. Commonwealth*, 49 Va. (8 Gratt.) 708, 710 (1852), for the proposition that "the breaking and entering of 'the close of another' is not criminal trespass unless accompanied by a breach of the peace." It should be noted however that "the close" is "[a] portion of land, as a field, inclosed as by a hedge, fence, or other visible inclosure, or by an invisible ideal boundary founded on limit of title." Black's Law Dictionary 231 (5th ed. 1979). *Henderson* involved an entry onto the porch of a dwelling, the "close of another," but not into the dwelling itself. The *Henderson* court did observe, however, that the mere act of entering the dwelling could suffice to establish a breach of the peace.

[T]hat the place where the entry is made is a dwelling house, as reason would suggest, and the peace of those abiding under the sanctity of their home and the security of their castle would strongly require, is a most important circumstance to be taken into consideration in the aggravation of trespass *quare clausum fregit* into a misdemeanor; as is also the circumstance that the entry was made with fire arms or

other offensive or dangerous weapons.

49 Va. (8 Gratt.) at 710-11.

The majority correctly observes that "an act of violence" is not a necessary element of a burglary charge. This position, however, does not exclude the fact that entry into a dwelling in violation of Code § 18.2-91 also threatens a breach of the peace. Use of force or violence may be sufficient to establish breach of the peace for common law trespass; however, like burglary, it is not a necessary element. "A breach of peace frequently involves intimidation and putting in fear; but not necessarily so." *State v. Christie*, 97 Vt. 461, 463, 123 A. 849, 850 (1924). A disturbance in the nighttime by shouting alone may constitute breach of the peace. *Id.*

The majority also relies upon cases of unlawful entry and detainer. Even in actions for unlawful detainer, however, where the purpose of the action is to "restore[] the *status quo* of the parties, and settles nothing as to the title or right of possession," *Town of Grundy v. Goff*, 191 Va. 148, 159, 60 S.E.2d 273, 278 (1950), proof of actual "force" by the entrant is not a required element. "[I]f the actions of the entrant . . . make it reasonably appear necessary that there must be a breach of the peace by the possessor in order to maintain . . . possession, then the entry is forcible within the purview of the [unlawful entry and detainer] statute." *Southern Ry. v. Lima Wood & Coal Co.*, 156 Va. 829, 834, 159 S.E. 69, 71 (1931).

It is inconsequential that not every violation of Code § 18.2-91 involves an act likely to produce violence if the act otherwise tends to breach the peace.[4] As the Court stated in *Henderson*, the inva-

---

[4] The majority cites *Kauffmann v. Commonwealth*, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989), for the proposition that "[a] lesser included offense is one 'composed entirely of elements that also are elements of the greater offense.' " Apparently, the majority interprets this language to mandate that the 'greater/lesser included" offense analysis be determined solely by comparing the elements of the offenses as they appear in the statutes or are defined by the common law. However, as the *Kauffmann* case goes on to say: "[I]n order for one crime to be a lesser included offense of another crime, every commission of the greater offense must also be a commission of the lesser offense." In my opinion, the "greater/lesser included" offense analysis, when involving offenses such as statutory burglary that may be committed in a variety of manners (i.e., breaking into a storehouse or breaking into a vehicle), must look not to the statute but to the specific allegations of the indictment. In *Jones v. Commonwealth*, 218 Va. 757, 240 S.E.2d 658, *cert. denied*, 439 U.S. 892 (1978), the Supreme Court recognized the significance of the wording of the

sion into another's dwelling is an aggravating circumstance that alone elevates a simple tort of trespass into a criminal offense. The uninvited entry into the dwelling of another is a circumstance that has the tendency to cause the property owner to feel the need to resist the invasion. Thus, it is an act that threatens or tends to breach the peace. Common law trespass, therefore, is a lesser included offense of burglary where the accused is expressly charged with breaking and entering the dwelling of another.

Furthermore, Code § 18.2-121, provides as follows:

It shall be unlawful for any person to enter the land, dwelling, outhouse or any other building of another for the purpose of damaging such property or any of the contents thereof or in any manner to interfere with the rights of the owner, user or the occupant thereof to use such property free from interference.

This statute is one of several legislative codifications of common law trespass. This trespass offense is indisputably lesser included in the offense of breaking and entering a dwelling and defeats the notion that there is no middle ground between a conviction for

---

indictment and stated: "Manifestly, a robbery indictment includes all elements of whatever larcency offense it charges, whether grand or petit, and the larcency offense charged is, therefore, lesser-included in robbery." *Id.* at 759-60, 240 S.E.2d at 660. *See also Blowe v. Peyton,* 208 Va. 68, 75, 155 S.E.2d 351 (1967). This holds true even though, as in *Jones,* an essential "element" of the larcency "offense" is the value of the property, which is not an essential "element" of the "offense" of robbery. *Jones,* 218 Va. at 760, 240 S.E.2d at 661. Thus, where, as here, the accused is specifically charged with breaking into a "dwelling," "every commission" of that offense also, necessarily, constitutes the commission of common law trespass.

Moreover, in making that anlysis, the issue is not one of simply comparing the technical "elements" of the crime even as charged in the indictment. The issue is, instead, one of examining whether, in proving the crime specifically charged in the indictment, the goverment also, necessarily, will prove the "lesser" offense. Thus, the fact that conduct that threatens a breach of the peace is not a technical "element" of statutory burglary is inconsequential; what is determinative is that in proving an unlawful entry into a dwelling, as charged in the indictment, the Commonwealth also will necessarily prove an act that threatens a breach of the peace. This analysis answers the majority's concern that the Commonwealth not be disadvantaged by charging one crime only to have the defendent ask for a lesser included offense instruction on another crime the Commonwealth had not sought to "prove." If, in attempting to prove the crime charged, the Commonwealth, by definition, will be proving another, albeit one with fewer elements, the Commonwealth is not disadvantaged.

burglary and acquittal.[5]

Significantly, in another appeal which is pending for decision in this Court, *Dowell v. Commonwealth*, Record No. 1567-87-2, the Commonwealth urges this Court to affirm a conviction for a lesser included offense of trespass where the defendant was tried on a statutory burglary indictment. The Commonwealth there urges that, although the trial judge did not specify whether he was applying common law trespass or Code § 18.2-121, the conviction was appropriate under either theory.

For these reasons, I hold that Taylor was entitled to an instruction on the lesser included offense, and I would reverse the conviction and remand for a new trial.

---

[5] Although the majority declines to decide whether Code § 18.2-121 is a lesser included offense because Taylor's counsel offered an instruction only on common law trespass, I believe that Taylor was entitled to have the jury instructed as to the lesser included offense even if the tendered instruction was defective. The Supreme Court has spoken to this point:

> We adhere to the rule that the trial court is not required to amend or correct an erroneous instruction, but the rule is subject to the limitation that when the principle of law is materially vital to a defendant in a criminal case, it is reversible error for the trial court to refuse a defective instruction instead of correcting it and giving it in the proper form. A jury should not be left in the dark on the subject.

*Whaley v. Commonwealth*, 214 Va. 353, 355-56, 200 S.E.2d 556, 558 (1973).