COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Duff
Argued at Alexandria, Virginia


MAURICIO MORENO

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2237-98-4          JUDGE CHARLES H. DUFF
                                       MAY 23, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                  Richard J. Jamborsky, Judge Designate

            Gary H. Smith for appellant.

            Richard B. Smith, Senior Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     The trial judge convicted appellant of abduction.  On

appeal, appellant contends that the evidence was insufficient as

a matter of law to support his conviction because the evidence

failed to prove that he possessed the specific intent to deprive

the victim of her personal liberty or to withhold or conceal her

from another person or authority entitled to her charge.  For

the reasons that follow, we affirm appellant's conviction.

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

_____

        [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

inferences fairly deducible therefrom.'"  Archer v.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

(citation omitted).

So viewed, the evidence proved that on January 22, 1998, as

Yessenia Ruiz, the ten-year-old victim, walked to her school bus

stop on Four Mile Road in Alexandria, Virginia, she noticed

appellant walking towards her.  Appellant, who was a stranger to

the victim, grabbed the victim by her wrist and "started pulling

towards" her.  Appellant then said, "Look, a pretty girl."  The

victim told appellant to let her go, but he did not.  The victim

then kicked appellant's leg and he released her.  The victim ran

to her bus stop across the street, where her friend, Ruth

Villegas, was waiting.  Appellant did not pursue the victim.

Villegas testified that she saw appellant grab the victim.

She stated that when appellant did so, she saw the victim

"kicking away" from him.

Code § 18.2-47 provides that a person shall be guilty of

abduction if he or she "by force, intimidation or deception, and

without legal justification or excuse, seizes, takes,

transports, detains or secretes the person of another, with the

intent to deprive such other person of [her] personal liberty or

to withhold or conceal [her] from any person . . . ."

> "The question of [appellant's] intent
> must be determined from the outward
> manifestation of his actions leading to
> usual and natural results, under the
> peculiar facts and circumstances disclosed.

This determination presents a factual question which lies peculiarly within the province of the [fact finder]." "The [fact finder] may consider the conduct of the person involved and all the circumstances revealed by the evidence." Indeed, "[t]he specific intent in the person's mind may, and often must, be inferred from that person's conduct and statements."

Hughes v. Commonwealth, 18 Va. App. 510, 519-20, 446 S.E.2d 451, 457 (1994) (citations omitted).

In Scott v. Commonwealth, 228 Va. 519, 323 S.E.2d 572 (1984), the Supreme Court held that "the physical detention of a person, with the intent to deprive him of his personal liberty, by force, intimidation, or deception, without any asportation of the victim . . . is sufficient to support a conviction of abduction." Id. at 526, 323 S.E.2d at 576. In Simms v. Commonwealth, 2 Va. App. 614, 346 S.E.2d 734 (1986), we found that "abduction was established as a fact once the Commonwealth proved that [the defendant] had deprived the victim of her liberty by threats of violence and use of force." Id. at 618, 346 S.E.2d at 736.

In this case, based upon the testimony of the victim and Villegas, it was reasonable for the fact finder to conclude that because the victim had to resort to force after her earlier verbal attempt to gain her freedom failed that appellant intended to deprive the victim of her personal liberty. "The [fact finder] was entitled to infer that appellant intended the natural and probable consequences of his actions . . . ."

<u>Humbert v. Commonwealth</u>, 29 Va. App. 783, 786 n.1, 514 S.E.2d 804, 806 n.1 (1999).  In addition, the fact finder could reasonably conclude that the victim's resistance, coupled with the witnesses at the bus stop across the street, deterred appellant from continuing the abduction.

Appellant's reliance upon <u>Johnson v. Commonwealth</u>, 221 Va. 872, 275 S.E.2d 592 (1981), in support of his argument is misplaced.  In <u>Johnson</u>, the Supreme Court reversed appellant's abduction conviction because the evidence did not support a finding that the defendant either intended to defile the victim or deprive her of her personal liberty.  Rather, the evidence was consistent with an intent to persuade her to engage in consensual sexual intercourse.  <u>See</u> <u>id.</u> at 879, 275 S.E.2d at 596-97.  <u>Johnson</u> is distinguishable from the facts of the present case.  In this case, no evidence showed that appellant intended to kiss the victim or sexually assault her in any manner.  Moreover, in this case, unlike <u>Johnson</u>, appellant did not immediately release the victim upon the first sign of resistance.  Rather, when the victim told appellant to let her go, he refused, and it was not until after she had kicked him that he finally let her go.

For these reasons, we affirm appellant's conviction.

<u>Affirmed.</u>