COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Annunziata
Argued at Alexandria, Virginia


SAMRA FAE HARVEY

MEMORANDUM OPINION[*] BY
v.    Record No. 2303-01-4        JUDGE RICHARD S. BRAY
                                   AUGUST 20, 2002
COMMONWEALTH OF VIRGINIA/
 COUNTY OF STAFFORD

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Ann Hunter Simpson, Judge

Benjamin H. Woodbridge, Jr. (Woodbridge,
Ventura & Kelly, on brief), for appellant.

Kathleen B. Martin, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


A jury convicted Samra Fae Harvey (defendant) of driving

under the influence of alcohol in violation of Code § 18.2-266.

On appeal, defendant complains the trial court erroneously refused

to instruct the jury that the statutory presumption of

intoxication arising from a blood alcohol content of .08% relates

to "the time she was operating a vehicle."  Finding no error, we

affirm the conviction.

The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

_____

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.

The pertinent facts are uncontroverted. At "approximately 1:54 a.m." on November 14, 2000, Stafford County Police Sergeant Frank J. Martello observed a vehicle operated by defendant traveling "58 miles per hour" in "a posted 45 mile-per-hour zone." As Martello followed defendant, she "made a lane change without a proper signal" and "crossed the right lane marker . . . three times." Martello then "activated his emergency equipment" and "executed a traffic stop" of the vehicle at 1:57 a.m.

Approaching the car, Martello "immediately detect[ed] a strong odor of alcoholic beverage on [defendant's] breath" and noted she spoke "in a very animated and excited manner." Asked by Martello if she had been "drinking," defendant admitted consuming "two beers . . . approximately 30 minutes prior to [the] stop." When defendant was unable to successfully perform "a series of sobriety tests" administered by Martello, he arrested her for the instant offense at 2:18 a.m. A subsequent "breath test," conducted at the Stafford County Sheriff's Office at 2:54 a.m., using an "Intoxilyzer 5000," measured defendant's blood alcohol content at ".08 grams per 210 liters of breath," and the related certificate of analysis was received into evidence without objection.

Defendant testified she was "[t]hirty-nine" years old, "five feet two inches" tall and weighed "[o]ne hundred and ten pounds." She explained that "coughing" from "a cold" caused her to

-

"swerv[e]" while driving the vehicle immediately prior to the stop. She acknowledged consuming two "twelve-ounce" bottles of beer prior to arrest, the first "around eleven or eleven thirty" and the second around "one something."

Defendant presented an expert "in the field of toxicology" and "the operation . . . of the Intoxilyzer 5000," Richard J. McGarry. Based upon information provided by defendant, including "her weight," "how much she drank," and "when she drank it," McGarry opined that defendant's "blood alcohol concentration at the time . . . she was stopped would have been a .06 to a .07."

Defendant requested the court to instruct the jury, "Instruction No. A," that

> the presumptions relating to [her] blood
> alcohol content apply to her blood alcohol
> content at the time of her operation of her
> vehicle not at the time she took the test to
> determine her blood alcohol content.

In denying the instruction, the court noted it "properly state[d] the principle of law" but was "cumulative and repetitive" of other instructions, including:

### INSTRUCTION NO. 2

> The defendant is charged with the crime of
> driving while under the influence of
> alcohol. The Commonwealth must prove beyond
> a reasonable doubt each of the following
> elements of that crime:
>
>> (1) That the defendant was operating a
>> motor vehicle; and
>
>> (2) That at the time she was under the
>> influence of alcohol or she had a

-

concentration of 0.08 grams or more of
alcohol per 210 liters of breath. . . .

[and]

INSTRUCTION NO. 4

It shall be presumed that the defendant
was under the influence of alcohol
intoxicants at the time of the alleged
offense if a chemical analysis indicates
that a sample of defendant's breath has an
alcohol content of 0.08 grams or more per
210 liters of breath.  This presumption is
rebuttable by competent evidence.

(Emphases added).

Following deliberations, the jury convicted defendant of

the instant offense, resulting in this appeal.

II.

"[T]he Commonwealth and the defendant are entitled to

appropriate instructions to the jury of the law applicable to

each version of the case, provided such instructions are based

upon the evidence adduced."  Simms v. Commonwealth, 2 Va. App.

614, 616, 346 S.E.2d 734, 735 (1986).  However, "[i]f the

principles set forth in a proposed instruction are fully and

fairly covered in other instructions that have been granted, a

trial court does not abuse its discretion in refusing to grant a

repetitious instruction."  Joseph v. Commonwealth, 249 Va. 78,

90, 452 S.E.2d 862, 870 (1995) (citations omitted).  "In fact,

trial courts should avoid giving redundant or repetitive jury

instructions."  League v. Commonwealth, 9 Va. App. 199, 210, 385

S.E.2d 232, 239 (1989) (citation omitted).

-

Here, "Instruction No. 2" required the Commonwealth to prove defendant was "under the influence of alcohol" "at the time" she "was operating a motor vehicle" and "Instruction No. 4" stated the presumption of intoxication if, "at the time of the alleged offense," "a chemical analysis indicates [her] breath has an alcohol content of .08 grams or more . . . per 210 liters of breath."  Accordingly, defendant's closing argument to the jury repeatedly and correctly referenced her condition, "when she was driving," as the relevant time frame.  Thus, the proffered "Instruction No. A" was redundant and properly refused by the trial court.

We, therefore, affirm the conviction.

Affirmed.

-