COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Petty and Senior Judge Willis
Argued at Richmond, Virginia


GAYLEN MAURICE BRAXTON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0766-05-2                JUDGE JERE M.H. WILLIS, JR.
                                                         JULY 18, 2006
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF HENRICO COUNTY
                             Catherine C. Hammond, Judge

            Theodore D. Bruns (Blackburn, Conte, Schilling & Click, P.C., on
            brief), for appellant.

            Deana A. Malek, Assistant Attorney General (Robert F. McDonnell,
            Attorney General, on brief), for appellee.


        On appeal from his convictions of breaking and entering and property damage, Gaylen

Maurice Braxton contends the trial court erred in ruling that his statements to his wife were

admissible and were not subject to the confidential spousal communication privilege.  We hold

that the trial court did not err in that ruling and affirm its judgment.

                                        BACKGROUND

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On July 1, 2004, someone broke into Lynette Braxton's (Lynette) house and vandalized her property. At that time, Lynette and Braxton were married but separated, and Braxton was prohibited by a protective order from having any "further contact of any type with" Lynette.

While Lynette was providing information to an investigating police officer, her cell phone rang. Recognizing that Braxton was calling, she "asked him why did he break into my house again." Braxton replied "because [she] was out with [someone]." Although Lynette testified that Braxton was yelling and she could hear him when she held the phone about a foot from her ear, no evidence suggested that anyone else could hear the conversation. Lynette neither told Braxton that the police were present nor told the police that Braxton was on the phone.

Braxton moved *in limine* to suppress his statement to Lynette, asserting that it was a confidential interspousal communication. See Code §§ 8.01-398 and 19.2-271.2. The trial court denied the motion and permitted Lynette to testify about Braxton's incriminating statement.

DISCUSSION

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Crest v. Commonwealth, 40 Va. App. 165, 170, 578 S.E.2d 88, 90 (2003).

Code § 19.2-271.2 sets forth the privilege of spousal immunity in criminal cases and, at the time of the statement,[1] provided:

> In criminal cases husband and wife shall be allowed, and, subject to the rules of evidence governing other witnesses and *subject to the exception stated in § 8.01-398*, may be compelled to testify in behalf of each other, but neither shall be compelled to be called as a witness against the other, except (i) in the case of a prosecution for an offense committed by one against the other or against a minor child of either, (ii) in any case where either is

---

[1] In 2005, the legislature eliminated the phrase "and subject to the exception stated in § 8.01-398" from the first paragraph and rewrote the second paragraph.

charged with forgery of the name of the other or uttering or attempting to utter a writing bearing the allegedly forged signature of the other or (iii) in any proceeding relating to a violation of the laws pertaining to criminal sexual assault (§§ 18.2-61 through 18.2-67.10), crimes against nature (§ 18.2-361) involving a minor as a victim and provided the defendant and the victim are not married to each other, incest (§ 18.2-366), or abuse of children (§§ 18.2-370 through 18.2-371). The failure of either husband or wife to testify, however, shall create no presumption against the accused, nor be the subject of any comment before the court or jury by any attorney.

*In the prosecution for a criminal offense as set forth in (i), (ii) or (iii) above, each shall be a competent witness except as to privileged communications.*

(Emphases added.)

Code § 8.01-398 defines privileged communications between spouses and, at the time of the crimes,[2] provided:

A. Husband and wife shall be competent witnesses to testify for or against each other in all civil actions; provided that neither husband nor wife shall, without the consent of the other, be examined in any action as to any communication privately made by one to the other while married, nor shall either be permitted, without such consent, to reveal in testimony after the marriage relation ceases any such communication made while the marriage subsisted.

B. The proviso in subsection A of this section shall not apply in those instances where the law of this Commonwealth confers upon a spouse a right of action against the other spouse.

Code § 19.2-271.2 allowed Lynette to testify against Braxton. The charge on trial was an offense committed by him against her. However, the scope of her testimony was limited by the proviso of Code § 8.01-398(A), incorporated by reference into Code § 19.2-271.2, defining the spousal privilege and forbidding her testimony, without his consent, as to "any communication privately made" by him to her. Code § 8.01-398(B) sets forth an exception to that proscription.

---

[2] The legislature rewrote this code section in 2005.

- 3 -

Braxton's inculpatory statement to Lynette was plainly a "communication privately made" by him to her. The statement was made directly by him to her, over a closed communication system, unheard by anyone else, and under circumstances giving rise to no expectation that it would be overheard.

However, Code § 19.2-271.2, in incorporating "the exception stated in § 8.01-398," incorporated that section in its entirety, both subsections A and B. Thus, in the operation of Code § 19.2-271.2, the exception set forth in Code § 8.01-398(A) is limited by the provision of subsection B.

Code § 8.01-398(B) denies protection to communications made by one spouse to another "in those instances where the law of this Commonwealth confers upon a spouse a right of action against the other spouse." A "right of action" is "[t]he right to bring a specific case to court" and "[a] right that can be enforced by legal action; a chose in action." Black's Law Dictionary 1349 (8th ed. 2004). Code § 8.01-2(1) provides that the terms "'Action' and 'suit' may be used interchangeably and shall include all civil proceedings whether upon claims at law, in equity, or statutory in nature and whether in circuit courts or district courts."

Here, Lynette had several rights of action against Braxton based upon his violation of the protective order, the burglary of her house, and the damage to her property. She had a right of action for trespass. See Miller v. Harless, 153 Va. 228, 244, 149 S.E. 619, 624 (1929) (trespass upon real or personal property creates in the property owner a civil right of action); Taylor v. Commonwealth, 11 Va. App. 649, 653, 400 S.E.2d 794, 796 (1991) (mere trespass upon the real property of another, at common law, is the basis for a civil action). She had a right of action for the damage he did to her property.

Because the subject communication concerned acts as to which Lynette had a right of action against Braxton, neither Code § 8.01-398 nor the exception in Code § 19.2-271.2 forbade

- 4 -

her testimony as to his statement.  <u>See</u> Charles E. Friend, <u>The Law of Evidence in Virginia</u> § 7-3 n.20 (6th ed. 2003) (explaining that because "[Code] § 19.2-271.2 incorporates by reference 'the exception stated in § 8.01-398,' it would appear that this would apply in criminal cases as well").

The judgment of the trial court is affirmed.

<u>Affirmed.</u>