# Richmond

## LARRY ALSTON MANLEY

### V.

## COMMONWEALTH OF VIRGINIA

October 16, 1981.

Record No. 801870.

Present: All the Justices.

*Sa'ad El-Amin* for appellant.

*Alexander E. Conlyn, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

POFF, J., delivered the opinion of the Court.

Defendant Larry Alston Manley appeals from a judgment confirming the verdict of a jury which convicted him as an accessory after the fact to robbery. The dispositive question here is whether the evidence was sufficient to support the verdict.

The evidence bearing on that question, summarized in narrative form, shows that Manley invited Bruce Morris and Darryl Wilson to join him in a ride in his black van one night following a high school basketball game. The three young men, who were only casually acquainted, were riding around, talking about basketball, drinking beer, and listening to music on the van's radio. At his companions' request, Manley stopped at several stores to buy beer and gasoline. In Petersburg, Morris and Wilson robbed a storekeeper. They did the same at a store in Chesterfield County. Wil-

son, who had pleaded guilty to the Petersburg robbery, testified at Manley's trial that, on both occasions, Manley remained in the van, knew nothing in advance about their plans, was told nothing about the robberies after they occurred, and was given none of the fruits of the crimes. Manley testified to the same effect.

As the van approached Honeybee's Restaurant in Hopewell, Morris and Wilson asked Manley to stop to get something to eat. Manley stopped but decided not to go in the restaurant because he was intoxicated and not properly dressed. Wilson, who feared that Morris intended to "stick up" the restaurant, went "[a]cross the highway", and Morris entered the restaurant alone. Manley drove a short distance down the highway, stopped to urinate, came back and parked in a parking lot behind a bank across the highway from Honeybee's.

Inside the restaurant, Morris pointed a gun at Richard Torino, an employee, and forced him and another person to lie on the floor. Morris went behind the counter and engaged a waitress in conversation. Torino testified that he heard the waitress ask Morris if she should "put the change in a bag". Morris said, "no", but that she should "let [him] have the bag". From his prone position, Torino could not see what transpired, but when Morris left, he ran outside, memorized the license numbers on a black van he saw moving slowly away, and called the police.

Alerted by a radio report of a robbery at Honeybee's, Detective M. D. Ellis, who was patrolling the area nearby, observed Manley's van leaving the parking lot. Ellis testified that "the van turned its lights on and proceeded directly toward me." After the two vehicles met and passed, Ellis turned around and followed the van which "pulled up and stopped and pulled up and stopped and then pulled off real easy". Ellis observed a man in the road ahead of him, running after the van. The man, later identified as Wilson, "broke off and ran into a wooded area". Ellis pursued the van, stopped it, and arrested Manley, its only occupant. Warned of his *Miranda* rights, Manley denied any knowledge of a robbery. With the aid of dogs, the police apprehended Wilson hiding in the woods. The record does not disclose what happened to Morris, and the Commonwealth produced no witnesses against Manley except the police, Wilson, and Torino. The waitress was subpoenaed but failed to appear.

■ The definition of an accessory after the fact is one of ancient origin.

To constitute one an accessory after the fact, three things are requisite: 1. The felony must be completed; 2. He must know that the felon is guilty; 3. He must receive, relieve, comfort or assist him. It is necessary that the accessory have notice, direct or implied, at the time he assists or comforts the felon, that he has committed a felony.

*Wren* v. *Commonwealth,* 67 Va. (26 Gratt.) 952, 956 (1875).

■ We assume, without deciding, that the evidence adduced by the Commonwealth was sufficient to prove the several elements of a robbery at Honeybee's. *But see, Mitchell* v. *Commonwealth,* 213 Va. 149, 191 S.E.2d 261 (1972). And we agree that Detective Ellis' account of Manley's manner of driving while Wilson was chasing his van raises an inference that Manley was attempting to give Wilson a chance to board the van. But the record is devoid of evidence that Manley knew or should have known that Wilson had committed a felony. Indeed, according to the Commonwealth's own evidence, Wilson never entered the restaurant, and Manley's testimony that he knew nothing about the robberies before or after they occurred was corroborated by Wilson and never contradicted. Moreover, even if the jury concluded that Manley knew or should have known that Morris had committed a felony, nothing in the record supports a finding that Manley thought Morris was the man chasing his van.

The Commonwealth indicted Manley for robbery as a principal. From the evidence adduced, it appears the Commonwealth prosecuted him as a principal in the second degree. The jury convicted him as an accessory after the fact. On appeal the Attorney General addressed the issues as if Manley had been convicted as a principal in the second degree. But the misdemeanor conviction acquitted the accused of all higher grades of the offense charged. Finding the evidence wholly insufficient to support the misdemeanor conviction, we will reverse the judgment and dismiss the indictment.

*Reversed and dismissed.*