COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bray and Bumgardner
Argued at Norfolk, Virginia


GREGORY MAZYCK, S/K/A
 GREGORY A. MAZYCK

                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2169-97-1      JUDGE RICHARD S. BRAY
                                       JULY 21, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                       John E. Clarkson, Judge

              Harry Dennis Harmon, Jr., for appellant.

              Thomas D. Bagwell, Senior Assistant Attorney
              General (Mark L. Earley, Attorney General, on
              brief), for appellee.


     A jury convicted Gregory A. Mazyck (defendant) for first

degree murder and conspiracy to commit robbery.  On appeal,

defendant complains that the trial court erroneously refused to

instruct the jury on the offense of accessory after the fact.  We

disagree and affirm the convictions.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to

disposition of the appeal.  "'In determining whether to instruct

the jury on a lesser-included offense, the evidence must be

viewed in the light most favorable to the accused's theory of the

case.'"  Hunt v. Commonwealth, 25 Va. App. 395, 400, 488 S.E.2d

672, 674 (1997) (citation omitted).

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

At trial, the Commonwealth established that defendant, together with several armed co-conspirators, entered the residence of James H. Robinson, III, intending to commit robbery. Once inside, a struggle ensued between a perpetrator and Elijah Thornton, III, a guest in the home. As a result, several of the assailants, including defendant, fired weapons, mortally wounding Thornton.

Defendant testified that he had been "drinking," "getting high," and "riding around" with friends immediately prior to the offenses. He recalled that he "kind of doz[ed] off" and was awakened by three companions "coming into the car," "yelling" and "panicking." When defendant inquired, "what was going on," one among the group, Joseph Williams, answered, "the guy was grabbing for the gun, and he almost took the gun from Shy [co-conspirator Shawn Johnson], so he just fired." Defendant did not understand Williams' response but, "nervous and scared," "just sat there . . . and shut up." The men subsequently abandoned the vehicle, and defendant later gave Timothy Hines, also a perpetrator, "cab money home."

At the conclusion of the evidence, defendant proposed two jury instructions embracing the offense of accessory after the fact, though he had not been indicted for such crime, both of which were refused by the court. On appeal, defendant argues that accessory after the fact is a lesser-included offense supported by the evidence.

"We are bound by the principle that the

accused is entitled, on request, to have the jury instructed on a lesser included offense that is supported by more than a 'scintilla of evidence' in the record." Thus, where credible evidence exists that would support giving the jury an instruction on a particular theory of the case, the trial court's failure to give the instruction constitutes reversible error.

Hunt, 25 Va. App. at 399-400, 488 S.E.2d at 674 (citations omitted). Therefore, assuming, without deciding, that defendant was entitled to the instruction in issue as a lesser-included offense, or otherwise, see Code § 19.2-286; Rule 3A:17(c), credible evidence must support such culpability.[1]

"The definition of an accessory after the fact is one of ancient origin . . . [requiring that:] '1. The felony must be completed; 2. [Defendant] must know that the felon is guilty; 3. [Defendant] must receive, relieve, comfort or assist him.'" Manley v. Commonwealth, 222 Va. 642, 644-45, 283 S.E.2d 207, 208 (1981) (quoting Wren v. Commonwealth, 67 Va. (26 Gratt.) 952, 956 (1875)). Defendant testified that he was sleeping when the men returned to the vehicle and did not comprehend Williams' comment that "the guy . . . almost took the gun from Shy, so he just

---

[1]A panel of this Court recently concluded in Dalton v. Commonwealth, 27 Va. App. 381, 391, 499 S.E.2d 22, 27 (1998), that "[a]lthough the crime of being an 'accessory after the fact' is technically not a lesser-included offense of any other crime, . . . a criminal defendant is entitled to an instruction on this crime, if such an instruction is warranted by the evidence, based upon the jury's statutory power under Code § 19.2-286." Dalton will be further considered en banc but, because we find the instant evidence insufficient to support the instruction, the instant decision need not await its resolution.

fired." Rather than make inquiry, he elected to "shut up." Thus, defendant was involved with the principal actors following the offenses without knowledge of the predicate felony or their participation in it and, therefore, could not have been an accessory after the fact.

Accordingly, the court properly refused to instruct the jury on the offense, and we affirm the convictions.

<u>Affirmed.</u>