COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Lemons
Argued at Norfolk, Virginia

JOHN ANTONIO FENNELL

MEMORANDUM OPINION[*] BY
v.    Record No. 2217-97-1          JUDGE LARRY G. ELDER
                                      MARCH 16, 1999
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Kenneth N. Whitehurst, Jr., Judge

Richard C. Clark, Assistant Public Defender
(Office of the Public Defender, on brief), for
appellant.

Daniel J. Munroe, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.

John Antonio Fennell (appellant) appeals from his

convictions for two counts of robbery pursuant to Code § 18.2-58

and two counts of using a firearm in the commission of a felony

pursuant to Code § 18.2-53.1. On appeal, he contends the trial

court erred in refusing his proffered jury instruction, which

would have permitted the jury to convict him of being an

accessory after the fact to the two robberies. For the reasons

that follow, we agree, and we reverse and remand.

I.

FACTS

In the early morning hours of August 16, 1996, Matthew

Wainscott and Stuart Wynham were robbed at gunpoint. Appellant,

---

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

Leon Bacote, Thomas Darden and Anthony Pitchford were arrested for these robberies.  Testimony given by the two victims and other witnesses to the two robberies was sufficient to permit the conviction of appellant for two counts of robbery as a principal in the second degree.

The evidence also contained appellant's version of events, a statement he gave to Detective C.S. Mills following his arrest in which he attempted to absolve himself of any direct responsibility for the robberies.  Appellant said that, on the evening of August 16, 1996, Leon Bacote picked up appellant, appellant's cousin Thomas Darden, and Bacote's friend Anthony Pitchford.  Appellant, who was fifteen at the time, was the only juvenile in the group.  Bacote had a shotgun with him, and Bacote and Pitchford talked about "robbing . . . Navy personnel" because it was "Navy payday."  Appellant knew the vehicle they were riding in had been stolen because "the key [was] jammed into the ignition" and the car "cut off" every time Bacote stopped.

Bacote pulled the car up to the first victim, Wainscott. They all got out, and appellant stood beside the car.  Bacote walked up to Wainscott while asking him for directions and hit him with the gun.  Pitchford searched Wainscott's pockets, and Bacote took Wainscott's cigarettes.  Then they "all ran back to the car" and fled with Pitchford at the wheel.  Appellant told Detective Mills he did not touch or kick Wainscott.

Sometime later, Pitchford pulled the car up to Wynham and William Jadgman. All four got out, and Bacote approached Wynham with the shotgun and asked for Wynham's money. Darden hit Wynham with his fists, and Bacote hit Wynham in the head with the shotgun. Appellant, Bacote and Darden ran off. Pitchford followed on foot and told them that the car had "cut off," and then he fled on foot. At Bacote's urging, appellant broke into a car and started it, and then Bacote drove appellant and Darden from the scene.

Appellant subsequently pleaded guilty to grand larceny and receiving stolen property. At his trial on the two charges of robbery and two charges of use of a firearm in the commission of a felony, appellant proffered Jury Instructions 18A and 18B. Instruction 18A permitted the jury to find appellant guilty of being only an accessory after the fact to the robberies. Instruction 18B provided that if the jury found appellant not guilty of robbery but guilty of being an accessory after the fact, it should find him not guilty of using a firearm in the commission of a felony. These instructions went unchallenged as general recitations of the law, but the prosecution contended that Instruction 18A was inappropriate because the crime of being an accessory after the fact was not a lesser-included offense of robbery. In proffering instructions 18A and 18B, appellant's counsel made the following argument:

> [T]he cases that I am submitting are Manley
> v. Commonwealth, 222 Va. 642, a 1981 case,

and McClung v. Commonwealth, 215 Va. 654, a 1975 case; and the reason I would ask for an accessory after the fact instruction for Mr. Fennell's case is I think there's sufficient evidence to support that instruction.

The elements of accessory after the fact are that the felony must be completed, that the person know that the felony was completed and somehow they aided or assisted the person who committed the felony; and I think, at least from the evidence we have today, there's enough to get the instruction in; and I think there's enough for the jury to at least consider the instruction.

In the Manley case, it was a situation where a person was already found guilty of an accessory after the fact, and it was overturned because there wasn't sufficient evidence for that, but I think some of the language is important on the last page of that.

It refers to in the last paragraph the person was indicted for robbery. The argument was that he was a principal in the second degree. The jury convicted him of accessory after the fact. So the court held that misdemeanor conviction acquitted the accused of all the higher grades of the offense charged. So obviously, there was an instruction granted in that situation of accessory after the fact.

With the McClung case, the reason I think that's important is not specific to the facts of the case, but just the holding that if any proffered instruction finds any supporting credible evidence, its refusal is reversible error, and I think -- to anticipate what [the prosecutor] is going to argue, I think their argument on the issue of it being a lesser included [offense] is somewhat restrictive. I think the way they are going to argue this situation is you would never be able to get an accessory after the fact instruction in. So based on the Manley case, I would ask the court to grant those instructions.

(Emphasis added). In further argument, counsel for appellant indicated:

> I believe the Manley case is closer to the facts we have today than [to the cases cited by the Commonwealth] -- that don't have to do with accessory after the fact. <u>I would argue accessory after the fact would be made into an attempt type situation with evidence that supports that instruction, and we should be allowed to get that instruction in</u>.

(Emphasis added). In denying the instruction, the trial court said, "I don't think it's a lesser included offense, and [the] Commonwealth could have chosen to charge him with that but did not. I think it's either he's guilty of the robbery or not guilty of the robbery . . . ."

## II.

## ANALYSIS

As a preliminary matter, the Commonwealth contends that appellant was not entitled to an accessory-after-the-fact instruction because that offense was not lesser-included in robbery. Although we agree, for the reasons set forth in <u>Dalton v. Commonwealth</u>, ___ Va. App. ___, ___ S.E.2d ___ (1999) (<u>en banc</u>), that the crime of being an accessory after the fact is not truly lesser-included in robbery or any other offense, we nevertheless conclude that appellant was legally entitled to such an instruction pursuant to Code § 19.2-286 and Rule 3A:17(c) if such an instruction was factually supported by the evidence.

Appellant did not specifically cite Code § 19.2-286 or Rule 3A:17(c) to the trial court. However, as this Court previously has noted,

> [t]he contemporaneous objection rule requires only that a party inform the trial court of the action it wishes the court to take or its objection to the action of the court and the "grounds therefor."  Code § 8.01-384; see also Rule 5A:18; Campbell v. Commonwealth, [12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc)].  This Rule does not prohibit reliance on statutes or cases not presented to the trial court to support, on appeal, a position otherwise adequately presented at trial.  R. Martineau, Modern Appellate Practice § 3.8 (1983).  Nor does it prevent this Court, on its own initiative, from relying on statutory or judicial authority that was not presented to the trial court or referred to in the briefs submitted by the parties.  See id. at § 3.9.

Lash v. County of Henrico, 14 Va. App. 926, 929, 421 S.E.2d 851, 852-53 (1992) (en banc) (emphasis added).

Here, appellant proffered an accessory-after-the-fact instruction and stated he thought the trial court should give the instruction because "there's sufficient evidence to support that instruction."  Appellant went further by citing Manley v. Commonwealth, 222 Va. 642, 283 S.E.2d 207 (1981), in which the trial court gave an accessory-after-the-fact instruction even though the defendant had been indicted for robbery as a principal.  Id. at 645, 283 S.E.2d at 208.  Further, appellant analogized to the situation in which one who is indicted as a principal for a completed offense is instead convicted for an attempt to commit that offense.  Both Code § 19.2-286[1] and Rule

---

[1]Code § 19.2-286 provides:

> Conviction of attempt or as accessory on indictment for felony; effect of general

- 6 -

3A:17(c)[2] permit conviction for attempt to commit an offense <u>or</u> for being an accessory after the fact to that offense even though only the underlying substantive offense was charged.  Therefore, although appellant did not expressly cite Code § 19.2-286 or Rule 3A:17(c), we hold that his citation to <u>Manley</u> and comparison to conviction for an attempt were sufficient to put the trial court on notice of the basis for his proffer and, therefore, to permit our consideration of the rule and statute on appeal.

We next consider whether the accessory-after-the-fact instruction was supported by the evidence.

> "To constitute one an accessory after the fact, three things are requisite:  1.  The felony must be completed; 2.  [The accessory] must know that the felon is guilty; 3.  [The accessory] must receive, relieve, comfort or assist him.  It is necessary that the accessory have notice, direct or implied, at

_____

> verdict of not guilty. -- On an indictment for felony the jury may find the accused not guilty of the felony but guilty of an attempt to commit such felony, or of being an accessory thereto; and a general verdict of not guilty, upon such indictment, shall be a bar to a subsequent prosecution for an attempt to commit such felony, or of being an accessory thereto.

[2]Rule 3A:17(c) provides:

> Conviction of Lesser Offense. -- The accused may be found not guilty of an offense charged but guilty of any offense, or of an attempt to commit any offense, that is substantially charged or necessarily included in the charge against the accused.  When the offense charged is a felony, the accused may be found not guilty thereof, but guilty of being an accessory after the fact to that felony.

the time he assists or comforts the felon,
that he has committed a felony."

Manley, 222 Va. at 645, 283 S.E.2d at 208 (quoting Wren v.
Commonwealth, 67 Va. (26 Gratt.) 952, 956 (1875)).  As we
discussed in Dalton, "'[a] defendant is entitled to have the jury
instructed . . . on those theories of the case that are supported
by the evidence, and a trial court errs when it refuses such an
instruction that is supported by 'more than a scintilla' of
evidence."  ___ Va. App. at ___, ___ S.E.2d at ___ (quoting Frye
v. Commonwealth, 231 Va. 370, 388, 345 S.E.2d 267, 280 (1986)).
In determining whether sufficient evidence supported the giving
of a proffered instruction, we view the evidence in the light
most favorable to the party requesting the instruction.  See
Foster v. Commonwealth, 13 Va. App. 380, 383, 412 S.E.2d 198, 200
(1991)).

Here, viewing the evidence in the light most favorable to
appellant, appellant was arrested while riding as a passenger in
a stolen vehicle containing two other people.  Appellant, who was
fifteen years old at the time of the charged offenses, told
Detective Mills that he was present as a passenger and observer
during the planning and execution of the robberies committed by
his adult companions earlier in the evening but that he did not
participate other than by being present and subsequently helping
to steal a car in which appellant and two of his companions fled.
This evidence, viewed in the light most favorable to appellant,
was sufficient to support the giving of an

accessory-after-the-fact instruction regarding the two robbery charges.

For these reasons, we reverse appellant's conviction and remand to the trial court.

<u>Reversed and remanded</u>.

Lemons, J., dissenting.

Fennell did not raise at trial or on appeal to this Court either Rule 3A:17(c) or Code § 19.2-286 in support of his requested instructions.  For the reasons more specifically expressed in my dissent in <u>Dalton v. Commonwealth</u>, ___ Va. App. ___,___, ___ S.E.2d ___, ___ (1999) (<u>en</u> <u>banc</u>), I dissent.