*329 LEMONS, Judge, with whom Judges WILLIS, BRAY, OVERTON and BUMGARDNER, join, dissenting on Part I and with whom Chief Judge FITZPATRICK, and Judge BUMGARDNER,
join, dissenting on Part II.
Because Dalton neither presented the issue to the trial court nor raised the issue in his initial briefs before the three judge panel of this Court, I believe the majority errs by considering it on appeal. Rule 5A:18. See also Buchanan v. Buchanan, 14 Va.App. 53, 415 S.E.2d 237 (1992). Additionally, I believe the majority errs in its interpretation of Rule 3A:17(c) and Code § 19.2-286.
I. PROCEDURAL BAR
Dalton argues that the trial court erred in refusing to instruct the jury on the misdemeanor offense of being an “accessory after the fact.” When Dalton tendered his instruction concerning an “accessory after the fact,” the entire colloquy on the record is as follows:
THE COURT: Alright sir. Alright, Mr. Strauss, are there any objections to the seventeen instructions that the Court intends to give?
MR. STRAUSS: No, Your Honor, we have no objection to the seventeen that are ready to be presented to the jury. We do, however, note our objection to the Court’s ruling that they will not grant us an instruction on accessory after the fact. I would submit that based on the evidence in this case, that would be proper to instruct the jury on that, and therefore we would note our exception to the Court’s ruling that they will not grant us an instruction on being an accessory after the fact.
THE COURT: Alright, for the record, Mr. Strauss, you have asked that an instruction be given on the defendant as an accessory after the fact, and I have refused to give that instruction. My ruling was because I do not think that is a lesser included offense to any of the charges. Alright. Now, the last thing, there are two jury verdict forms that *330 have been prepared, and Mr. Grimes, you have seen both forms, have you not?
(Emphasis added).
The only issue before the trial judge was whether the crime of being an “accessory after the fact” is a lesser-included offense of the principal felony. Dalton did not argue to the trial court or to the three judge panel of this Court that Rule 3A:17(c) or Code § 19.2-286 required the trial court to give the instruction.
A. “Lesser Included Offense”
If the evidence supports a conviction of a lesser-included offense, even though that offense is not specifically charged, “the trial court must, upon request of counsel, instruct the jury as to the lesser included offense.” Lea v. Commonwealth, 16 Va.App. 300, 304, 429 S.E.2d 477, 480 (1993). A trial court is “bound by the principle that the accused is entitled, on request, to have the jury instructed on a lesser included offense that is supported by more than a mere ‘scintilla of evidence’ in the record.” Hunt v. Commonwealth, 25 Va.App. 395, 399-400, 488 S.E.2d 672, 674 (1997). “However, an accused is not entitled to have the jury instructed on an offense which is not a lesser included offense of the one with which he or she is charged.” Taylor v. Commonwealth, 11 Va.App. 649, 651, 400 S.E.2d 794, 795 (1991).
The crime of being an accessory after the fact can never be a lesser-included offense of the offense for which the accused is charged.
To constitute an accessory after the fact, three things are requisite: 1. The felony must be completed; 2. He must know that the felon is guilty; 3. He must receive, relieve, comfort or assist him. It is necessary that the accessory have notice, direct or implied, at the time he assists or comforts the felon, that he had committed a felony.
Manley v. Commonwealth, 222 Va. 642, 644-45, 283 S.E.2d 207, 208 (1981).
*331 A lesser included offense is one composed entirely of elements that are also elements of the greater offense. For this reason, if a crime is a lesser included offense of another crime, the commission of the greater offense must invariably also be a commission of the lesser offense. Conversely, an offense is not lesser included within another if it has an element the other does not.
Taylor, 11 Va.App. at 652, 400 S.E.2d at 795 (citations omitted). “An offense is not a lesser included offense of another if each offense contains an element that the other does not.” Walker v. Commonwealth, 14 Va.App. 203, 206, 415 S.E.2d 446, 448 (1992). The second element of the crime of being an “accessory after the fact” — knowledge that he or she was providing assistance to someone who was guilty of a completed felony — is particular to the offense of being an accessory after the fact and is not an element in any other offense. Therefore, the crime of being an accessory after the fact is not a lesser-included offense of the principal felony.
B. “Lesser Offense”
Dalton did not argue before the trial court or in his brief before the three judge panel of this Court that, irrespective of whether the crime of being an accessory after the fact is a lesser-included offense of the principal felony, Rule 3A: 17(c) and Code § 19.2-286[7] require that the instruction be given as a “lesser offense.”
*332 Code § 8.01-384 provides in part that “it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor.”
Rule 5A:18 states:
No ruling of the trial court or the Virginia Workers’ Compensation Commission will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.
“The primary function of Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials.” Martin v. Commonwealth, 13 Va.App. 524, 530, 414 S.E.2d 401, 404 (1992).
In Morgen Industries, Inc. v. Vaughan, 252 Va. 60, 471 S.E.2d 489 (1996), the Virginia Supreme Court held that the tendering of a jury instruction even with supporting cases listed on the instruction, without more, is insufficient to preserve a claim of error to a refusal of the instruction. “Since Morgen did not preserve the reasons for its objections on the record, we do not consider its arguments raised on appeal concerning the trial court’s refusal of the proposed jury instructions.” Id. at 68, 471 S.E.2d at 494.
From the colloquy between the court and counsel, it is clear that Dalton tendered the “accessory after the fact” instruction at trial as a lesser-included offense. The trial judge properly rejected the instruction on that ground. Dalton argues for the *333 first time on rehearing en banc that Rule 3A: 17(c) and Code § 19.2-286 required the court to give his proffered instruction, not as a lesser-included offense but as a “lesser offense.”[8] Rule 5A:18 provides that “[n]o ruling of the trial court ... will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling....” McQuinn v. Commonwealth, 20 Va.App. 753, 755, 460 S.E.2d 624, 626 (1995) {en banc).
The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding.
Ohree v. Commonwealth, 26 Va.App. 299, 307, 494 S.E.2d 484, 488 (1998). We have repeatedly stated that we will not consider the merits of an argument made for the first time on appeal. See Jacques v. Commonwealth, 12 Va.App. 591, 593, 405 S.E.2d 630, 631 (1991). Also, we have repeatedly stated that we will not consider the merits of an argument not presented to the Court in briefs. Buchanan, 14 Va.App. at 56, 415 S.E.2d at 239.
II.. JURY INSTRUCTION
Dalton now contends that the trial court erred in refusing to instruct the jury on the crime of being an “accessory after the fact,” arguing that sufficient evidence supported giving the instruction. He argues that (1) Rule 3A:17(c) of the Rules of the Supreme Court of Virginia entitled him to an instruction on accessory after the fact if it was supported by credible evidence, and (2) that the evidence was sufficient to warrant such an instruction.
*334 A. Common Law
Under common law,
[t]o constitute an accessory after the fact, three things are requisite: 1. The felony must be completed; 2. He must know that the felon is guilty; 3. He must receive, relieve, comfort or assist him. It is necessary that the accessory have notice, direct or implied, at the time he assists or comforts the felon, that he had committed a felony.
Manley, 222 Va. at 644-45, 283 S.E.2d at 208. “An offense is not a lesser included offense of another offense if each offense contains an element that the other does not.” Walker, 14 Va.App. at 206, 415 S.E.2d at 448. The second element— knowledge that he or she was providing assistance to someone who was guilty of a completed felony — is particular to the crime of being an accessory after the fact and is not an element in the crime of murder. Therefore, under the common law, the crime of being an accessory after the fact is not a lesser-included offense of murder.
We have previously stated without equivocation that:
[A]n accused on trial for one offense is not entitled to have the jury instructed on an offense which is not included as a lesser offense of the one charged. To do so would confuse the issues before the jury and divert attention from their responsibilities. The suggested procedure also might suggest to the jury that the accused should be acquitted of one offense because the evidence shows he may have been more clearly guilty of another offense for which he was not on trial____ [A] defendant is not entitled to an instruction on an offense for which he is not specifically charged, unless it is a necessarily included lesser offense thereof. The defendant can hardly be heard to complain that he was not charged with an additional offense.
Simms v. Commonwealth, 2 Va.App. 614, 616-17, 346 S.E.2d 734, 734-35 (1986).
B. Statutory Construction
Code § 19.2-286 states:
*335 On an indictment for felony the jury may find the accused not guilty of the felony but guilty of an attempt to commit such felony, or of being an accessory thereto; and a general verdict of not guilty, upon such indictment, shall be a bar to a subsequent prosecution for an attempt to commit such felony, or of being an accessory thereto.
Given the history of legislative changes and the context of the statute, the term “accessory thereto” cannot be interpreted to include the crime of being an “accessory after the fact.” In 1960, Code § 19.1-254, the precursor to § 19.2-286, stated:
On an indictment for felony the jury may find the accused not guilty of the felony, but guilty of an attempt to commit such felony, or of being an accessory after the fact____
Effective October 1, 1975, Code § 19.1-254 was re-written as Code § 19.2-286. The sole alteration consisted of substituting the words “accessory thereto” for the words “accessory after the fact.”
The mens rea of the crime of being an accessory after the fact is “actual knowledge of the commission of a felony, rather than the shared criminal intent of the other accessory offenses.” John L. Costello, Virginia Criminal Law and Procedure, at 324 (2nd ed.1995). Therefore, “[a]n accessory after the fact has not contributed to the commission of a crime; his criminality is found in his post-crime assistance which is likely to impede the prosecution of the perpetrator.” Roger D. Groot, Criminal Offenses and Defenses in Virginia, at 354 (3d. ed.1994).
Code § 18.2-18 provides: “[I]n the case of every felony, every principal in the second degree and every accessory before the fact may be indicted, tried, convicted and punished in all respects as if a principal in the first degree.” The crime of being an accessory after the fact is not included in this classification. Rather, Code § 18.2-19 “retains the separate offense of accessory after the fact, defined as any non-excepted person, “who, after the commission of a felony, shall aid or assist a principal felon or accessory before the fact to avoid or escape from prosecution or punishment....’” Costello, su *336 •pra at 324. One who has been found guilty of being an accessory after the fact has committed a Class 1 misdemeanor. Code § 18.2-19.
The intention of the legislature in amending Code § 19.2-286 was to eliminate accessories after the fact from the application of the statute. Because the legislature specifically distinguished the first group (principals in the first degree, principals in the second degree, and accessories before the fact) from one who acts as an accessory after the fact in Code §§ 18.2-18 and 18.2-19, it is logically consistent to conclude that an “accessory after the fact” is not included in the classification of an “accessory thereto” as provided in Code § 19.2-286.
Further support for legislative intent to exclude “accessory after the fact” from the term “accessory thereto” in Code § 19.2-286 is the use of the unmodified term “accessory” elsewhere in the Code. Code § 18.2-40 states that “every accessory” to a lynch mob “shall be guilty of murder, and upon conviction, shall be punished as provided in Article I (§ 18.2-30 et seq.) of this chapter.” Additionally, Code § 18.2-102 provides that one who is an “accessory to” the unauthorized use of a vehicle “shall be subject to the same punishment as if he were the principal offender.” Obviously, the misdemeanor of accessory after the fact is not swept within the unmodified definition of “accessory” in either statute.
Code § 18.2-18 states: “[I]n the case of every felony,” an accessory before the fact “shall be indicted, tried, convicted and punished in all respects as if a principal in the first degree.” (Emphasis added). By contrast, Code § 18.2-19 mandates that “[i]n the case of every felony, every accessory after the fact shall be guilty of a Class I misdemeanor.” (Emphasis added). All statutes on the same subject matter, i.e., those standing in pari materia, must be considered together and harmonized if possible. See Lambert v. Barrett, 115 Va. 136, 78 S.E. 586 (1913).
*337 C. Rule 3A: 17(c)
The majority also relies upon Rule 3A:17(c) in support of its opinion. Rule 3A:17(c) states:
Conviction of a Lesser Offense. — The accused may be found not guilty of an offense charged but guilty of any offense, or of an attempt to commit any offense, that is substantially charged or necessarily included in the charge against the accused. When the offense charged is a felony, the accused may be found not guilty thereof, but guilty of being an accessory after the fact to thát felony.
If the application of both Rule 3A:17 and Code § 19.2-286 suggests potential conflict, a court must interpret them in a consistent manner. “The General Assembly may, from time to time, by the enactment of a general law, modify, or annul any rules adopted or amended pursuant to this section. In the case of any variance between a rule and an enactment of the General Assembly such variance shall be construed so as to give effect to such enactment.” Code § 8.01-3(D).
Although the courts of Virginia have not specifically addressed Rule 3A:17(c) in its entirety, the phrase “substantially charged or necessarily included in the charge against the accused” has been analyzed. In Patterson v. Commonwealth, 19 Va.App. 698, 454 S.E.2d 367 (1996), the defendant was convicted of possession of cocaine. The indictment charged him with the manufacture of cocaine. Finding that one element of the crime of manufacturing cocaine includes the possession of cocaine, we held that the possession offense was “substantially charged” in the defendant’s indictment and affirmed his conviction. Id. In Edenton v. Commonwealth, 227 Va. 413, 417-18, 316 S.E.2d 736, 738 (1984), the Supreme Court of Virginia reversed the defendant’s misdemeanor conviction of driving without a valid license, holding that the charge was not a lesser-included offense of the felony of driving after having been adjudged an habitual offender. The Court held that the “misdemeanor offense ... is not an offense substantially charged in the indictment of ... [the *338 felony], and hence, that the trial court erred in convicting the defendant of the misdemeanor.”
The first sentence of Rule 3A:17(c) appears inconsistent with the second sentence because the crime of being an accessory after the fact is not “substantially charged or necessarily included” in the principal felony. When the legislature modified Code § 19.2-286 in 1975 by removing the words “accessory after the fact,” the Rule was not changed accordingly. In the case of conflict between a statute and a Rule of Court, the statute must prevail. Code § 8.01-3(D).
D. Due Process
Additionally, the majority would allow the Commonwealth to insist upon an “accessory after the fact” instruction when it has not charged the accused with that crime in the indictment. The Due Process Clause of the United States Constitution and the Virginia Constitution require that an accused be given proper notification of the charges against him or her. See U.S. Const, amend. XIV; Va. Const, art. I, § 8. An indictment must be “a plain, concise, and definite written statement, (1) naming the accused, (2) describing the offense charged, (3) identifying the county, city or town in which the accused committed the offense, (4) reciting that the accused committed the offense on or about a certain date.” Code § 19.2-220. “An indictment is sufficient if it gives ‘notice of the nature and character of the offense charged so he can make his defense.’ ” Satcher v. Commonwealth, 244 Va. 220, 231, 421 S.E.2d 821, 828 (1992). Allowing a conviction for a crime which has neither been charged in the indictment, nor is a lesser-included offense of the named charge, would require an accused to defend a different offense from that which he or she is charged.
For the foregoing reasons, I dissent.

. Rule 3A: 17(c) provides:
Conviction of Lesser Offense. — The accused may be found not guilty of an offense charged but guilty of any offense, or of an attempt to commit any offense, that is substantially charged or necessarily included in the charge against the accused. When the offense charged is a felony, the accused may be found not guilty thereof, but guilty of being an accessory after the fact to that felony.
Code§ 19.2-286 provides:
Conviction of attempt or as accessory on indictment for felony; effect of general verdict of not guilty. — On an indictment for felony the jury may find the accused not guilty of the felony but guilty of an attempt to commit such felony, or of being an accessory thereto; and a general verdict of not guilty, upon such indictment, shall be a bar to a *332 subsequent prosecution for an attempt to commit such felony, or of béing an accessory thereto.

. Dalton did not make this argument in his brief or before the three judge panel of this Court. Only after receiving the opinion of the three judge panel and upon rehearing en banc did Dalton advance this argument.